**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila Leigh Alvey,<br><br>           Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-20-08105-PCT-SPL<br><br>**ORDER** |

Plaintiff Sheila Leigh Alvey seeks judicial review of the denial of her application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434.

**I.   BACKGROUND**

Plaintiff has the following conditions which she alleges render her disabled: "degenerative disc disease of the lumbar and cervical spine with lumbar spinal discectomy; tendinosis; tendinitis and acromioclavicular joint arthropathy of the right shoulder with rotator cuff disease; osteoarthritis." (Doc. 20 at 506). In April 2017, Plaintiff filed an application for Social Security Disability Insurance benefits based on disability beginning on November 22, 2014. (Doc. 1 at 2). At the hearing, Plaintiff moved to amend the disability onset date to the date of her 55th birthday, which the ALJ denied. (Doc. 1 at 2). On December 4, 2019, the ALJ issued an unfavorable decision which became final when the Appeals Council denied a request for review on March 6, 2020 and adopted the ALJ decision as final. (Doc. 1 at 2).

Having exhausted the administrative review process, Plaintiff sought judicial review

of the ALJ's decision by filing a Complaint in this Court. (Doc. 1). This Court is also in receipt of Defendant's Answer (Doc. 13), Plaintiff's Opening Brief (Doc. 20), Defendant's Response Brief (Doc. 23), and Plaintiff's Reply Brief (Doc. 24). Despite the ALJ's denial of her request to amend the disability onset date, Plaintiff proceeds with this appeal based on a disability onset date of her 55th birthday, which is March 18, 2016. (Doc. 1 at 2).

## II.     LEGAL STANDARD

A person is considered "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's decision to deny benefits should be upheld unless it is based on legal error or is not supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The Court must review the record as a whole and consider both the evidence that supports and the evidence that detracts from the ALJ's determination. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## III.    DISCUSSION

Plaintiff contends the ALJ erred in three ways: (1) by failing to find that Plaintiff is disabled under agency regulations because she was over the age of 55 and limited to light work, (2) by rejecting the assessment from Plaintiff's treating physician Charles W. Welly, and (3) by rejecting Plaintiff's symptom testimony.

### A. Past Relevant Work

Plaintiff argues that, under the Agency guidelines' rule 202.02, she is disabled. (Doc. 20 at 14). Under the regulations, a person reaches "advanced age" when he or she turns 55 years old. 20 C.F.R. § 404.1563(d) (1986). The table applicable to individuals

with a residual functional capacity of light work, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 2, finds individuals of "advanced age" to be disabled if they have limited education and are skilled or semiskilled with skills that are not transferable. *See* Rule 202.02. However, individuals who possess the same characteristics but are not of "advanced age" are not deemed to be disabled. *See* Rule 202.11.

Plaintiff argues this Court should proceed under the assumption that Plaintiff's disability onset date is March 18, 2016 (her 55th birthday), two years after the initial alleged onset date which the ALJ used in her opinion. (Do. 20). As previously explained, Plaintiff moved to amend the onset date to her 55th birthday at the initial hearing, and the ALJ denied the request. (Doc. 20 at 2). Plaintiff now asserts that, nonetheless, she "proceeds with this appeal based on a disability onset date of March 18, 2016." (Doc. 20 at 2). Plaintiff provides Ninth Circuit caselaw indicating that this Court *can* apply an onset date different than that applied by the ALJ. (Doc. 20 at 2 n.2). However, Plaintiff provides absolutely no argument or analysis as to how the ALJ erred in denying the request or why the Court should do so in this case. Therefore, the Court will use the ALJ's original onset date of November 22, 2014 (AR 22).[1] *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (finding that arguments that are presented without substantive analysis are waived).

Because Plaintiff's disability onset date was before her 55th birthday, she is not disabled under the Rules. Regardless of whether Plaintiff is limited to light work, she is not disabled under Rule 202.02 because she is not of "advanced age." Accordingly, the ALJ did not err by failing to find Plaintiff disabled under agency regulations.

### B. Treating Physician

Plaintiff argues the ALJ erred in discounting the opinion of her treating physician Dr. Welly. (Doc. 20 at 16-21). "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

---

[1] Administrative Record.

- 3 -

may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Dr. Welly limited Plaintiff to sitting, standing and walking for less than 3 hours per 8-hour day, lifting and carrying less than 10 pounds, with the need for alternative sitting and standing at least every 45 minutes for 15+ minute periods. (AR 6). He assessed moderately severe pain, fatigue, dizziness and headaches, and said the claimant would miss more than 6 days of work per month due to her impairment. (AR 6). The ALJ did not give this opinion great weight, concluding that it is "less persuasive because it is somewhat extreme and not consistent with or supported by the record" and because he "is not a treatment provider, and the claimant benefited from treatment such as physical therapy and injections." (AR 26). Additionally, the opinion is contradicted by the opinion of Dr. Palmer, a consultative examiner who concluded that Plaintiff can do a "wide range of light work" with "lifting and carrying to 20 pounds occasionally and 10 pounds occasionally," and "sitting, standing and walking to 6 – 8 hours per 8-hour day." (AR 26).

The ALJ provided specific and legitimate reasons for rejecting Dr. Welly's opinion. First, Dr. Welly is not Plaintiff's treating physician, unlike Dr. Palmer. *See, e.g.*, *Nikki B. v. Berryhill*, No. C17-5970-MAT, 2018 WL 6413206, at *7 (W.D. Wash. Dec. 6, 2018) ("Plaintiff fails to demonstrate error. The ALJ did not err in observing Dr. West served as an examining, not a treating source, and accurately noted he examined plaintiff on only one occasion."). Further, Dr. Welly's opinion is more extreme than all the other physician's opinions, each of whom consistently find less extreme limitations. (AR 24-26); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) ("When an examining physician provides independent clinical findings that differ from the findings of the treating physician, such findings are themselves 'substantial evidence.' . . . Under these circumstances, 'it is then solely the province of the ALJ to resolve the conflict' and to decide which medical opinions to credit.") (citing *Orn v. Astrue*, 495 F.3d 625, 632 (9th

Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995)). Accordingly, the Court finds that the ALJ provided sufficient reasons for discounting Dr. Welly's opinion.

### C. Symptom Testimony

Plaintiff argues that the ALJ erred when evaluating Plaintiff's symptom testimony. (Doc. 20 at 21-26). The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 23).

"In evaluating the credibility of pain testimony after a Plaintiff produces objective medical evidence of an underlying impairment, an ALJ may not reject a Plaintiff's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Instead, an ALJ must provide "specific, clear, and convincing reasons" for doing so. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

Plaintiff testified that she cannot sit, stand or walk for prolonged periods or lift or carry much weight. (AR 24). She further testified that she alternates between sitting and standing every 20 minutes on an average day, lies down twice a day for about 30 minutes each day, and takes over-the-counter pain relievers. (AR 24). She further reported that she has to take breaks while doing light household chores, that she obtained limited benefit from nerve ablation therapy, that she can shop but must stop occasionally, and that she has some mental problems including poor concentration and memory, confusion, and forgetfulness. (AR 24). The ALJ found that the "objective clinical record supports the severe impairments as established but does not support the claimant's subjective complaints to the degree alleged." (AR 24). The ALJ reasoned that Plaintiff complained of severe neck and back pain and yet she has "repeatedly appeared on exam in no acute distress, which undermines her assertion of disabling pain." (AR 23). Further, the ALJ

noted several normal or mild findings on her imaging. (AR 24). Additionally, although Plaintiff had S1 radiculopathy, "no surgery was warranted for the low back, and continued conservative care was recommended." (AR 24). Additionally, the ALJ found that "Plaintiff's daily activities are consistent with the [residual functional capacity]. She does light household chores, drives and shops." (AR 24).

The ALJ provided specific, clear, and convincing reasons for finding that Plaintiff's subjective complaints were not supported by the record. First, the ALJ noted several objective medical findings which were either normal or mild or recommended conservative treatment, which would tend to negate a finding of severe impairment. Objective medical evidence is a useful tool for an ALJ to assess Plaintiff's credibility regarding the intensity and persistence of her symptoms. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (holding that objective medical evidence was appropriately used to assess credibility of plaintiff's symptom testimony); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that medical evidence is "a relevant factor in determining the severity of the claimant's pain and its disabling effects"). Further, the ALJ's finding that Plaintiff was recommended conservative treatment supports the conclusion that the objective record did not support the severity of her complaints. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (holding that evidence of conservative and effective treatment are sufficient to discount a claimant's testimony regarding symptom severity) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Finally, even if Plaintiff's daily activities suggest some difficulty functioning, they may be grounds for discrediting her testimony "to the extent that they contradict claims of a totally debilitating impairment." *Wennet v. Saul*, 777 F. App'x 875, 877 (9th Cir. 2019) (internal quotation and citation omitted); *Singh v. Comm'r of Soc. Sec. Admin.*, No. CV-19-02315-PHX-MTM, 2020 WL 5757620, at *3 (D. Ariz. Sept. 28, 2020) (affirming ALJ's determination that daily activities refuted symptom testimony even though plaintiff experienced difficulty while engaging in activities).

In sum, the Court does not find that the ALJ erred in discounting Plaintiff's symptom testimony after finding that it was contradicted by the medical record. *See*

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Because the ALJ provided specific and legitimate reasons for discounting Plaintiff's symptom testimony, including the objective medical evidence, Plaintiff's treatment history, and Plaintiff's reported activities and demonstrated abilities, the Court will not overturn the denial of disability benefits on this ground. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing.").

### IV.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the ALJ's decision is **affirmed**. The Clerk of the Court shall enter judgment accordingly.

Dated this 18th day of August, 2021.

Honorable Steven P. Logan
United States District Judge